UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD ROSS | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:07CV1836 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Movant Ronald Ross filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [#1]. Ross alleges that his plea of guilty was involuntary, the maximum term of supervision should not have been more than three years, and that he was denied effective assistance of counsel. The Government has filed a motion to dismiss Ross' § 2255 Motion as time barred [#6]. I will grant the Government's motion to dismiss [#6] because Ross failed to file his § 2255 Motion within the applicable one year period of limitation.

*Background*

On April 27, 2006, Ross entered a plea of guilty to possession with the intent to distribute five grams or more of cocaine base.[1] On September 19, 2006, Ross was sentenced to a 36 month term of imprisonment to be followed by a 4 year term of supervised release. Ross did not appeal his sentence and conviction and has not previously filed a § 2255 Motion.

The instant § 2255 Motion is signed and dated by Ross on October 12, 2007. Ross mistakenly filed his Motion in the United States District Court for the Eastern District of

---

[1] United States v. Ronald Ross, 4:05CR502 RWS.

Michigan on October 16, 2007. The Eastern District of Michigan subsequently forwarded it to the United States District Court for the District of Minnesota. The District of Minnesota then forwarded Ross' Motion to the United States District Court for the Eastern District of Missouri, where it was received on October 26, 2007.

Ross alleges three grounds for relief in his § 2255 Motion: that (1) his plea of guilty was involuntary because it was made without an understanding of the charges or the consequences of the plea of guilty; (2) the maximum term of supervision should not have been more than three years; and that (3) he was denied effective assistance of counsel because his attorney failed to properly advise him about the plea of guilty, failed to object to the amount of supervised release imposed upon him, failed to notify him of his right to appeal, and he pled guilty to possessing cocaine base, not crack.

*__Legal Standard__*

Under 28 U.S.C. § 2255, a person in federal custody may move the court which imposed their sentence to vacate, set aside, or correct the sentence, on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A one year period of limitation applies to a motion brought pursuant to § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4). A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. U.S.C.S. § 2255 Proc. R. 3(d).

In the context of a criminal prosecution, a judgment's finality is normally defined by the imposition of the sentence. Flynt v. Ohio, 451 U.S. 619, 620 (1981). When a § 2255 movant does not file a direct appeal, the movant's conviction becomes final ten days after the written judgment of conviction is filed. United States v. Flores, 2006 U.S. Dist. LEXIS 43170 *1, *5-*6 (W.D. Ark. Mar. 21, 2006) (citing United States v. Cottage, 307 F.3d 494, 498 (6th Cir. 2002), holding that when a § 2255 movant does not pursue a direct appeal, his conviction becomes final either on the date that the judgment was entered or on the date on which the time for filing such appeal expired); Fed. R. App. P. 4(b)(1) (in a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the entry of the judgment).

***Discussion***

Subsection (1) of § 2255(f) states that "the limitation period shall run from...(1) the date on which the judgment of conviction becomes final." Ross' Judgment of Conviction was entered on September 19, 2006. Because Ross did not appeal the entry of that judgment, Ross' conviction became final no later than 10 days after the Court imposed its sentence upon him, on September 29, 2006. See United States v. Flores, 2006 U.S. Dist. LEXIS 43170, at *5-*6.

Under penalty of perjury, Ross signed and dated his § 2255 Motion on October 12, 2007. For purposes of this motion to dismiss, I will assume that Ross did not wait to mail his § 2255 Motion, and I will use October 12, 2007 as the date on which he mailed, or "filed," his Motion. See Houston v. Lack, 487 U.S. 266 (1988) (notices of appeal filed by pro se prisoners are deemed filed as of the time the prisoner delivers the notice to prison authorities). Under the one year period of limitations proscribed in § 2255(f), Ross' last day to file his § 2255 Motion was September 29, 2007.

As a result, Ross' § 2255 Motion, filed on October 12, 2007, is time barred.

Accordingly,

**IT IS HEREBY ORDERED that** Respondent United States of America's motion to dismiss Movant Ronald Ross' § 2255 Motion pursuant to 28 U.S.C. § 2255(f) [#6] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2008.